Diane L. Balma, SBN: 155128
Alan M. Laskin, SBN: 148858
Adriana Artunduaga-Mendez, SBN: 314332
Christopher O. Holleran, SBN: 330428
LASKIN BALMA ATTORNEYS AT LAW
2150 River Plaza Drive, Suite 270
Sacramento, CA 95833
Tel: (916) 329-9010
Fax: (916) 442-0444
dbalma@laskinlaw.com

Attorneys for Plaintiff
VICTOR SPARKS

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SPARKS,<br><br>　　　　　Plaintiff,<br><br>vs<br><br>UNITED STATES OF AMERICA, LEANNE M. HENDERSON, AND DOES 1 TO 100, INCLUSIVE,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>　1. **Negligence**<br>　2. **Premises Liability**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW VICTOR SPARKS (hereinafter referred to as "PLAINTIFF") and alleges as follows:

## I. JURISDICTION AND VENUE

1.　The district court has exclusive jurisdiction over this Complaint pursuant to 28 U.S.C. § 1346(b)(1), as it asserts a claim for money damages for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Further this court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 in that the action arises under the Federal Tort Claims Act.

2. The underlying claims in this action relate to a premises liability incident that occurred on or about February 14, 2021, in the parking lot of the Nimbus Fish Hatcher located at 2001 Nimbus Road, Gold River, CA 95670, in the County of Sacramento, State of California, wherein it is alleged that PLAINTIFF was injured as a result of the negligence of Defendant The United State of America.

3. Venue in this District and Division is appropriate pursuant to 28 U.S.C. § 1402(b)(1) because the claim arises under 28 U.S.C. § 1346(b) and PLAINTIFF resides in Sacramento County, California and the act or omission complained of occurred in Sacramento County.

## II. PARTIES

4. Plaintiff VICTOR SPARKS is, and at all times mentioned herein was, a competent adult and a resident of the Eastern District of California.

5. Defendant UNITED STATES OF AMERICA (hereinafter referred to as "USA") is the federal government and is the proper defendant pursuant to 28 U.S.C. § 2679(b)(1) for claims for money damages arising from or out of a negligent or wrong act and/or omission of any federal employee committed within the course and scope of their employment. The United States Department of the Interior Bureau of Reclamation (hereinafter "BOR") is a department of the USA. USA and BOR are authorized to engage in business in the State of California.

6. Defendant LEANNE M. HENDERSON (hereinafter "HENDERSON") was, at the time of the signing of the Assistance Agreement an employee of Defendant USA in the BOR acting within the course and scope of her employment with the BOR when she assigned a nondelegable duty to maintain the premises owned by the USA in a safe, non-dangerous condition, to the California Department of Fish and Wildlife.

7. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 to 100, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each of the DOE

defendants is legally responsible and liable for he incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each defendant is liable for his/her/their personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control, or upon any other act or omission. PLAINTIFF will ask leave to amend this complaint subject to further discovery.

### III. FEDERAL TORT CLAIM COMPLIANCE

8. On or about February 14, 2023, PLAINTIFF, by and through his attorney Christopher O. Holleran, hand-delivered his federal tort claim to the BOR. The claim was presented to Bureau of Reclamation, Region 10 – California Great Basin, c/o Authorized Representative Mike Hodahlkewn, 2800 Cottage Way, Sacramento, CA 95825. PLAINTIFF's claim was denied by the BOR on January 3, 2024.

### IV. STATEMENT OF RELEVANT FACTS

9. On or about September 14, 2020, Defendant HENDERSON entered into Assistance Agreement no. R20AC00103 with the California Department of Fish and Wildlife.

10. The Assistance Agreement states that "The Recipient is responsible for… maintenance and minor repair of equipment and facilities" on page 5 under Objective 1. It further states "Reclamation is responsible for repairs and/or replacement of the following: electrical systems; valves and associated pipes with a diameter 4 inches and greater. The Recipient is responsible for all other preventive maintenance and repairs of the Hatchery facilities, equipment, and appurtenances" on Page 11 under 1.8.1 Minor Repairs, a sub-category of 1.8 Preventative Maintenance.

11. On or about February 14, 2021, PLAINTIFF was riding his bicycle in the parking lot adjacent to the Nimbus Fish Hatchery Visitor Center located at 2001 Nimbus

Road, Gold River, CA 95670, when oily sediment on the surface of the asphalt caused his bicycle to slip under him causing him to fall the ground.

12. As a result of the fall PLAINTIFF sustained severe injuries and seeks damages related to those injuries as detailed below.

## V. FIRST CAUSE OF ACTION – NEGLIGENCE
### (Against Defendants USA and HENDERSON)

13. PLAINTIFF re-alleges and incorporates by reference all paragraphs above and below as though fully set forth herein.

14. On September 14, 2020, Defendant HENDERSON negligently entered into an Assistance Agreement that delegated a nondelegable duty to maintain the premises of the Nimbus Fish Hatchery in a safe, non-dangerous condition to the California Department of Fish and Wildlife.

15. The duty to maintain a safe premises is non-delegable. [*Capitol Chevrolet Co. v. Lawrence Warehouse* (9th Cir. 1955) 227 F.2d 169, 173]. "While a property owner or occupant is not required to act as an insurer of safety for visitors, a business has "a duty to keep the premises in a reasonably safe condition for use." [*Leuenberger v. Walmart, Inc.* (D. Nev., Jan. 5, 2024, 2:22-cv-01598-CDS-BNW) [pp. 3]].

16. Defendant USA had a nondelegable duty to maintain the grounds of the Nimbus Fish Hatchery in a safe, non-dangerous condition. Defendant USA had a duty to inspect the premises and exercise reasonable care to see that California Department of Fish and Wildlife abided by its responsibilities. Defendant USA further had a duty liability stemming from the duty of the contractor's employer [i.e. the government] to exercise reasonable care to see that the contractor abides by his responsibilities in that respect."[1]

17. Defendant USA retained the right to "inspect and evaluate…the premises where the work is being performed, at all reasonable times and in a manner that will not unduly delay the work" on page 40 of the Assistance Agreement under 6. Inspection.

---
[1] *Wolcoff v. United States* (D. Alaska, Sep. 4, 2012, No. 3:08-cv-00032-SLG) [pp. 6]

18. Defendant USA owned the premises where the subject incident took place and breached its duty to maintain the premises in a safe, non-dangerous condition. Defendant USA had actual or constructive knowledge of the dangerous condition on its property and failed to take any action to eliminate the condition or to warn the public about the condition.

19. As a proximate result of the negligence, negligent entrustment, carelessness, and/or wrongdoings of Defendants USA and HENDERSON, PLAINTIFF sustained damage to his physical, mental, and emotional well-being. PLAINTIFF seeks general damages in an amount according to proof, including, but not limited to, (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress, according to proof at time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

20. As a further proximate result of the negligence, negligent entrustment, carelessness, and/or wrongdoings of Defendants USA and HENDERSON, PLAINTIFF was required to employ physicians and other medical providers to examine, treat and care for him. The exact value of paid and owed medical expenses known to date is $17,047.61. PLAINTIFF seeks medical expenses, including, but not limited to, past and future medical and/or ancillary related expenses, incurred by PLAINTIFF according to proof at the time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

21. As a further proximate result of the negligence, negligent entrustment, carelessness, and/or wrongdoings of Defendants USA and HENDERSON, PLAINTIFF has incurred incidental and consequential damages. PLAINTIFF seeks incidental and/or consequential damages, according to proof at the time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

22. PLAINTIFF seeks prejudgment interest on all items of damage, including economic and non-economic damages. This includes, but is not limited to, past and future

medical expenses, and any and all incidental and compensatory damages as permitted by law. (See Code of Civil Procedure § 685(a) and Civil Code § 3291).

## VI. SECOND CAUSE OF ACTION – PREMISES LIABILITY
### (Against Defendant USA)

23. PLAINTIFF re-alleges and incorporates by reference all paragraphs above and below as though fully set forth herein.

24. PLAINTIFF is informed and believes and thereon alleges that at all times mentioned herein Defendant USA owned public property on which a dangerous condition existed at Nimbus Fish Hatchery located at 2001 Nimbus Road, Gold River, CA 95670.

25. The owner of a property has a duty to maintain the property in a safe, non-dangerous condition.

26. Defendant USA breached its duty to maintain the property in a safe, non-dangerous condition by allowing a damp and oily substance consisting of (what appeared to be) silt and fine aggregate to remain on the asphalt. It is foreseeable that both pedestrians and bicyclist would utilize the parking lot and that the slippery substance constituted a danger to the public.

27. PLAINTIFF is informed and believes that Defendant USA had actual or constructive knowledge of the dangerous condition and nothing to eliminate the condition or to warn against it.

28. As a proximate result of Defendants USA's failure to maintain its property in a safe, non-dangerous condition, PLAINTIFF sustained damage to his physical, mental, and emotional well-being. PLAINTIFF seeks general damages in an amount according to proof, including, but not limited to, (1) past and future physical and mental suffering, (2) loss of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional distress, according to proof at time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

///

29. As a further proximate result of Defendants USA's failure to maintain its property in a safe, non-dangerous condition, PLAINTIFF was required to employ physicians and other medical providers to examine, treat and care for him. The exact value of paid and owed medical expenses known to date is $17,047.61. PLAINTIFF seeks medical expenses, including, but not limited to, past and future medical and/or ancillary related expenses, incurred by PLAINTIFF according to proof at the time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

30. As a further proximate result of Defendants USA's failure to maintain its property in a safe, non-dangerous condition, PLAINTIFF has incurred incidental and consequential damages. PLAINTIFF seeks incidental and/or consequential damages, according to proof at the time of trial, together with interest and/or prejudgment interest thereon, where authorized by law, at the lawful legal rate.

31. PLAINTIFF seeks prejudgment interest on all items of damage, including economic and non-economic damages. This includes, but is not limited to, past and future medical expenses, and any and all incidental and compensatory damages as permitted by law. (See Code of Civil Procedure § 685(a) and Civil Code § 3291).

## VII. DEMAND FOR JURY TRIAL

32. PLAINTIFF hereby demands a jury trial in this matter as to those claims, and against those Defendants for which PLAINTIFF has a legal right to jury trial.

## VIII. PRAYER

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

A. For general damages in excess of the minimum jurisdiction of this Court, according to proof at trial;

B. For special damages, including, but not limited to, past, present, and/or future medical expenses and other special damages in a sum to be determined according to proof at trial;

C. For incidental expenses incurred as a result of the above incident, according to proof at trial;

D. For interest and/or prejudgment interest on all damages sought and/or incurred herein, at the legal rate, where authorized by law;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court may deem proper.

DATED: April 25, 2024                    LASKIN BALMA ATTORNEYS AT LAW

*/s/ Diane L. Balma*

By: _____
    Diane L. Balma
    Attorneys for Plaintiff
    VICTOR SPARKS